

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | |
| | § | |
| WILLIAM GLENN CHUNN | § | CRIMINAL NO. 1:20-CR-83-TH-1, |
| KEVIN SCOTT KENT | § | 3, 5 & 6 |
| JESSE PAUL BLANKENSHIP | § | |
| TIMOTHY LONG | § | |

## FIFTH AMENDED TRIAL PROCEDURE AND SCHEDULING ORDER

All provisions in this order are mandatory and binding upon counsel and all parties. Nothing in this order limits the Court's discretion to modify, amend or eliminate any provision contained herein at any time, including during the course of trial, in order to maximize the ends of justice.

1. **Trial Hours**

    Court will normally convene at 9:00 a.m. and recess at or near 5:00 p.m. Counsel and the parties should be in the courtroom by 8:45 a.m. each day to take up any matters that need to be addressed before the jury is brought in at 9:00 a.m. The parties may expect a fifteen-minute morning and afternoon break. The jury will be afforded a sixty-minute lunch break and lunch will be provided to the jury beginning Tuesday, October 26, 2021, and continue through the completion of the trial. The mid-day break may be abbreviated if the Court needs to address matters that must be taken up outside the presence of the jury.

**2.     Pre-Trial Conferences**

The Court will convene a pre-trial status conference on <u>Wednesday, October 6, 2021, at 10:00 a.m.</u>  Counsel for the defendants will bring clothing to this hearing suitable for the defendants to wear during the trial.  A final pre-trial conference to resolve any outstanding jury selection or trial scheduling issues will be held on <u>Tuesday, October 19, 2021, at 2:00 p.m.</u>

**3.     Courtroom Decorum Applicable to All Persons in Attendance**

No food (including gum) or drink with the exception of water is allowed in the courtroom. All persons in attendance shall be dressed appropriately.

Unless excused by the Court, counsel and all persons present in the courtroom shall stand as Court is opened, recessed, or adjourned and stand when the jury enters and retires from the courtroom.

Visible reactions to a witness's testimony, counsel's presentation, or a Court ruling (such as facial or body gestures) are inappropriate.

**4.     Attorney Decorum**

Counsel shall always speak into a microphone when proceedings are on the record.  For this reason, it is not necessary to stand while conversing with the Court on the record from counsel table.

Counsel shall not speak when the Court is speaking.

Counsel are not to interrupt each other or witnesses, except to interpose objections.

Address all remarks on the record, other than examination of a witness, to the Court rather than to opposing counsel.  Counsel shall refrain from making any comment in open court not directly

intended for the witness or the Court. Disparaging personal remarks toward opposing counsel will not be tolerated.

Counsel shall refer to all persons–including parties, witnesses, and other counsel–by their surnames and not by their first or given names.

Offers of, or request for, a stipulation should be made privately, not within the hearing of the jury.

Communications between counsel and their support staff shall be discreet and as quiet as possible. Do not converse in a manner that your conversation may be heard by the jury. The movement of support staff in the courtroom should be discreet, unobtrusive, and kept to a minimum.

Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

Counsel and parties shall not speak to nor associate with panel members or jurors. Counsel must admonish all parties, representatives of parties, and prospective witnesses not to engage in any communication with the jury or prospective jurors. Counsel should also advise that inadvertent contact with jurors in hallways, elevators, and the like is to be avoided.

Counsel shall assist the Court in ensuring that FEDERAL RULE OF EVIDENCE 615 (the "Rule") is complied with if invoked. Counsel shall immediately notify the Court if it comes to their attention that a witness potentially subject to the Rule is present in the courtroom. The Rule does not apply to expert witnesses.

5.  **Jury Selection**

    Jury selection will take place on <u>Monday, October 25, 2021, at 10:00 a.m.</u>

The Court expects a venire panel of approximately 70 persons. Counsel will be provided a list of the members of the panel and a seating chart when the panel is brought to the courtroom for jury selection. The jury will consist of twelve (12) jurors and four (4) alternates.

The Court and counsel will conduct *voir dire*. The Court will summarize the allegations contained in the indictment and explain the purpose of *voir dire* generally. The Court will then give general instructions on the law and advise the panel members what is expected during jury selection. The Court will then elicit the following information from each panel member:

name
city of residence
occupation
employer's name–length of employment
spouse's name
spouse's occupation
spouse's employer's name–length of employment
prior jury service–civil or criminal

Counsel will then be permitted to ask questions during *voir dire*. The Government is entitled to 25 minutes. All Defendants are jointly entitled to 25 minutes.

Counsel will submit a list identifying those persons counsel intends to challenge for cause and those individuals will be asked by the Court to remain in the courtroom. The remainder of the panel will be excused while the Court considers challenges for cause or matters requested to be taken up with the Court and counsel privately.

The Court will then break to give each side twenty (20) minutes to prepare peremptory strike lists. The Government is entitled to seven (7) peremptory strikes, and all Defendants are jointly entitled to twelve (12) peremptory strikes. The Government is entitled to two (2) peremptory strikes for alternate jurors. All Defendants are jointly entitled to two (2) peremptory strikes for alternate jurors. The parties will submit their strike lists to the courtroom deputy prior to the expiration of the twenty-minute period. Counsel will be afforded the opportunity to review the final strike list and make any objections thereto prior to bringing the panel back into the

courtroom.

**6. Trial**

Opening Statements. Trial will begin after the jury is selected and counsel shall be prepared to make opening statements once the jury is seated. Absent good cause shown, opening statements will be limited to fifteen (15) minutes. No visual aid or exhibit shall be used during an opening statement unless opposing counsel has been shown the visual aid or exhibit and has agreed to the use of the item during the opening statement.

Transcripts. Counsel shall not read or purport to read from depositions or trial transcripts and shall not suggest to the jury, directly or indirectly, that it may or should request transcripts or the reading of any testimony by the court reporter. Should counsel desire to read any document into the record, counsel shall first furnish the court reporter with a copy of that document prior to reading it into the record.

Examination of Witnesses. Only one (1) counsel per party may examine a witness. The Court discourages repetitive examinations of a witness, whether on cross or direct examination. Witnesses shall be interrogated from the podium. Once counsel has requested and been granted leave to approach a witness, no subsequent request to approach for legitimate purposes is necessary. Counsel shall treat adverse witnesses and parties with fairness and consideration.

Exhibits. Exhibits will rarely be circulated to jurors. If counsel wants the jury to see an exhibit during trial, it should be displayed in such fashion that all jurors may view it at the same time (i.e., by overhead projection, ELMO, computer projection, etc.).

Objections. When making an objection, counsel should say only "objection" and the legal reason for the objection (e.g., leading, hearsay, etc.). If the Court wants argument and response to the objection, it will so request. Objections during opening statements or closing arguments are discouraged and should only be made by opposing counsel making the opening statement or closing argument.

<u>Expert Witnesses</u>.  After counsel questions an expert witness as to qualifications, counsel should not ask the Court to declare the witness an expert or refer to them as such in the presence of the jury.

<u>Jury Instructions</u>.  Instructions will be read to the jury before closing arguments.  Each juror will be given a copy of the instructions for use during deliberations.  Only one verdict form will be sent to the jury room.

<u>Closing Arguments</u>.  The length of closing arguments will be established during the charge conference.

<u>Deliberations</u>.  After the jury retires to deliberate, counsel for each party shall remain in the courtroom for the purpose of verifying that the assembled exhibits are appropriate for delivery to the jury room.  Counsel and their client should remain in the courthouse and advise the Court's staff where they will be located while the jury is deliberating.

**7.   Additional Trial Deadlines**

<u>Pre-Trial Filings</u>.  The following documents shall be filed by <u>10:00 a.m. on Thursday, September 30, 2021</u>:

- All <u>pretrial motions, objections, and motions in limine</u> accompanied by supporting authority.

- Proposed <u>jury instructions</u>.  Parties shall jointly file agreed upon instructions.  Each party shall file proposed instructions that were not agreed upon.  The proposed jury instructions shall include a reference to the authority upon which it is based and should be taken from or drawn in the manner of the Fifth Circuit Pattern Jury Instructions for criminal trials.

- Proposed jury questions for the Court to ask during *voir dire*.

- Proposed witness and exhibit lists.

- A list of <u>potential witnesses</u> to be read to the jury panel for the purposes of *voir dire*.

- <u>Notice of evidence</u> the government intends to present pursuant to Federal Rule of Evidence 404(b) shall be provided to defense counsel.

The following shall be submitted by <u>10:00 a.m. on Monday, October 11, 2021</u>:

- <u>Trial Submissions.</u> Two tabulated binders containing copies of the <u>exhibits</u> to be offered in evidence or used at trial by the government shall be provided to the Court. The exhibits shall be pre-marked with an identification number and redacted, if lengthy, to eliminate irrelevant matter. Counsel should be prepared at the final pretrial conference to globally offer into the record all exhibits to which no objection was lodged.

- <u>Trial Disclosures.</u> Counsel for the Government must provide the Court and the defense any JENCKS ACT material (18 U.S.C. § 3500), *Giglio* material (evidence of agreement or promises made by the Government to a witness), and *Brady* material not previously delivered regarding the testimony of those witnesses expected to be called. The Government shall also proffer at this time any witness statements that it expects to introduce the next trial day.

The following deadlines are additionally established:

- <u>Witness Call List</u>. A list identifying the witnesses a party plans to call to testify shall be submitted by email to the Court and opposing counsel by <u>1:00 p.m. the business day prior to the day counsel intends to call the witness to testify</u>. Counsel is not required to call the witnesses in the sequence listed.

- <u>Plea Agreement</u>. Signed plea agreements, if any, shall be submitted no later than <u>Friday, September 17, 2021, at 5:00 p.m.</u>

- <u>Expert Witness Testimony</u>.  Notice of expert witness testimony shall be provided no later than <u>Monday, August 30, 2021, at 5:00 p.m.</u>

**SO ORDERED**.

**SIGNED** this the **15** day of **October, 2021.**

_____
Thad Heartfield
United States District Judge