IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 1:20-CR-83 |
| | § | Judge Thad Heartfield |
| WILLIAM GLENN CHUNN, | § | |
| a/k/a "BIG HEAD"; (1) | § | |
| JESSE PAUL BLANKENSHIP, | § | |
| a/k/a "JP" (5) | § | |

## <u>JURY INSTRUCTIONS</u>

**TABLE OF CONTENTS**

INTRODUCTION TO FINAL INSTRUCTIONS ................................................ 1

DUTY TO FOLLOW INSTRUCTIONS ........................................................... 1

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE
DOUBT ........................................................................................................... 2

EVIDENCE - EXCLUDING WHAT IS NOT EVIDENCE ............................... 2

EVIDENCE – INFERENCES – DIRECT AND CIRCUMSTANTIAL ............ 3

CREDIBILITY OF WITNESSES .................................................................... 4

IMPEACHMENT BY PRIOR CONVICTION ................................................. 5

ACCOMPLICE – CO-DEFENDANT – PLEA AGREEMENT ......................... 5

WITNESS'S USE OF ADDICTIVE DRUGS .................................................. 6

EXPERT OPINION TESTIMONY .................................................................. 6

NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED ........................... 7

NUMBER OF WITNESSES CALLED IS NOT CONTROLLING ................... 7

ON OR ABOUT ............................................................................................... 8

VENUE – CONSPIRACY ................................................................................ 8

CAUTION - CONSIDER ONLY CRIMES CHARGED ................................... 9

MULTIPLE DEFENDANTS – MULTIPLE COUNTS .................................... 9

CAUTION - PUNISHMENT ........................................................................... 9

CONFESSION – STATEMENT – VOLUNTARINESS ................................. 10

IDENTIFICATION TESTIMONY ................................................................. 10

"KNOWINGLY" – TO ACT .......................................................................... 11

"WILLFULLY" – TO ACT ............................................................................ 11

TRANSCRIPT OF RECORDED CONVERSATION ..................................... 11

SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE ................. 12

SUMMARIES AND CHARTS RECEIVED IN EVIDENCE PURSUANT TO
FEDERAL RULE OF EVIDENCE 1006 ....................................................... 12

SUMMARY WITNESS TESTIMONY AND CHARTS BASED ON OTHER
EVIDENCE ................................................................................................... 13

ADMISSION OF JUDGMENT OF CONVICTION ...................................... 13

DEFENDANT'S INCARCERATION ............................................................. 14

AIDING AND ABETTING (AGENCY) – 18 U.S.C. § 2 .............................. 15

2

CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE COUNT [PINKERTON] ............................................................................ 17

RACKETEERING CONSPIRACY - 18 U.S.C. § 1962(D) - COUNT ONE .... 18

THE NATURE OF THE OFFENSE CHARGED .............................................. 18

THE STATUTE DEFINING THE OFFENSE CHARGED – COUNT ONE ... 19

RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT – PREJUDICE FROM THE WORD "RACKETEERING" .................................. 19

THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT ONE ...................................................................................................... 20

CONSPIRACY – DEFINED – COUNT ONE .................................................. 21

ENTERPRISE – DEFINED – COUNT ONE .................................................... 23

"ENGAGED IN, OR AFFECTING INTERSTATE OR FOREIGN COMMERCE" – DEFINED – COUNT ONE ................................. 26

"DEFENDANT WAS EMPLOYED BY OR ASSOCIATED WITH THE ENTERPRISE" – COUNT ONE ......................................................................... 29

"CONDUCT, OR PARTICIPATE IN THE CONDUCT OF, THE AFFAIRS OF THE ENTERPRISE" – COUNT ONE ................................................................. 30

"PATTERN OF RACKETEERING ACTIVITY" – COUNT ONE ................. 31

ESSENCE OF A RICO CONSPIRACY – DEFINED – COUNT ONE ........... 60

AGREEMENT TO COMMIT A RICO OFFENSE – COUNT ONE ............... 60

ADDITIONAL FINDINGS ON RICO CONSPIRACY ................................... 62

VIOLENT CRIMES IN AID OF RACKETEERING – COUNTS TWO AND THREE ......................................................................................................... 63

THE STATUTE DEFINING THE OFFENSES CHARGED – COUNTS TWO AND THREE ...................................................................................................... 63

THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNTS TWO AND THREE ............................................................................................ 64

FIRST ELEMENT – EXISTENCE OF AN ENTERPRISE .............................. 65

SECOND ELEMENT – THE ENTERPRISE ENGAGED IN OR ITS ACTIVITIES AFFECTED INTERSTATE AND FOREIGN COMMERCE .... 65

THIRD ELEMENT – ENGAGED IN RACKETEERING ACTIVITY ............ 65

FOURTH ELEMENT – THE DEFENDANT COMMITTED THE CHARGED VIOLENT CRIME ............................................................................................. 66

FIFTH ELEMENT – PURPOSE TO MAINTAIN OR INCREASE POSITION

IN THE ENTERPRISE OR TO GAIN ENTRANCE INTO THE ENTERPRISE ................................................................................................. 69

DUTY TO DELIBERATE ................................................................................. 71

## INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges.   I am one of the judges; the other is the jury.   It is my duty to preside over the trial and to decide what evidence is proper for your consideration.   It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses.   Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.   You must not substitute or follow your own notion or opinion as to what the law is or ought to be.   It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.   That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

1

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, each defendant is presumed by the law to be innocent.  Each defendant begins with a clean slate.   The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.  While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.   It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## EVIDENCE - EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.   To do so, you must consider only the evidence presented during the trial.   Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits.   The questions, statements, objections, and arguments made by the lawyers are not evidence.

2

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.   In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.   What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits.   You must disregard those questions and exhibits entirely.   Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.   Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**EVIDENCE – INFERENCES – DIRECT AND CIRCUMSTANTIAL**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."   You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact,

3

such as an eyewitness.   "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence.   But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

**CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.   In doing so, you must consider all of the evidence.   This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.   An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.   You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.   In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest?   Did the witness have any particular reason not to tell the truth?   Did the witness have a personal interest in the outcome of the case?   Did the witness have any relationship with either the government or the defense?   Did the witness seem to have a good memory?   Did the witness clearly see or hear the things about which he or she testified?   Did the witness have the opportunity

4

and ability to understand the questions clearly and answer them directly?   Did the witness's testimony differ from the testimony of other witnesses?   These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.   You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## IMPEACHMENT BY PRIOR CONVICTION

You have been told that some witnesses were previously convicted of crimes.   A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility.   It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony.   It is not evidence of anything else.

## ACCOMPLICE – CO-DEFENDANT – PLEA AGREEMENT

In this case the government called a number of witnesses who were alleged accomplices, named as co-defendants in the Indictment or in other indictments, and with whom the government has entered into plea agreements.   Some provide for non-binding recommendations for more favorable sentences than the witnesses might otherwise receive.   Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement

5

with the government, is not prohibited from testifying.   On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty.   You should keep in mind that such testimony is always to be received with caution and weighed with great care.   You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

**WITNESS'S USE OF ADDICTIVE DRUGS**

The testimony of a witness who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.   You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

**EXPERT OPINION TESTIMONY**

During the trial you heard the testimony of individuals who expressed opinions concerning various fields.   This includes the testimony of the following witnesses: Michelle Cazes Olinde and Rebecca Mullen, who both expressed opinions about firearm and toolmark examination and identification; Dr. Charles Kokes, Dr. Errington Thompson, and Dr. Terry Welke, who all expressed opinions about medical conclusions they reached; Anthony Herrera, who expressed opinions about controlled substances, narcotics

investigative techniques, and the language and vernacular used by drug traffickers; and Cheryl Szkudlarek, who expressed opinions about drug identification and analysis.  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.  You should judge such testimony like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## NOT ALL EVIDENCE, NOT ALL WITNESSES NEEDED

Although the government is required to prove a defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge or facts of the case.   In addition, as I have explained, the defendants are not required to present any evidence or produce any witnesses.

## NUMBER OF WITNESSES CALLED IS NOT CONTROLLING

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party.   You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe.   You may find that the testimony of a smaller number of witnesses on one

7

side is more credible than the testimony of a greater number of witnesses on the other side.

**ON OR ABOUT**

You will note that the indictment charges that the offense was committed on or about a specified date.  The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

**VENUE – CONSPIRACY**

The events presented at trial happened in various places.   There is no requirement that the entire conspiracy take place in the Eastern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district.   An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself.   Though the overt act need not be of a criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence.   This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Eastern District of Texas.   All other elements of the offense must be proved beyond a reasonable doubt.   You are instructed that Liberty, Orange, Rusk, Hardin, Smith, Bowie,

and Jefferson Counties are located in the Eastern District of Texas.

**CAUTION - CONSIDER ONLY CRIMES CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that a defendant is guilty of the crimes charged.   Each defendant is not on trial for any offense not alleged in the indictment.   Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.   Whether anyone else should be prosecuted and convicted for the particular crimes charged in the indictment is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge.   Your job is to decide if the government has proved a defendant guilty.   Do not let the possible guilt of others influence your decision in any way.

**MULTIPLE DEFENDANTS – MULTIPLE COUNTS**

A separate crime is charged against one or more of the defendants in each count of the Indictment.   Each count, and the evidence pertaining to it, should be considered separately.   The case of each defendant should be considered separately and individually. The fact that you may find one of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or the other defendant.   You must give separate consideration to the evidence as to each defendant.

**CAUTION - PUNISHMENT**

If a defendant is found guilty, it will be my duty to decide what the punishment will be.   You should not be concerned with punishment in any way.   It should not enter your

9

consideration or discussion.

**CONFESSION – STATEMENT – VOLUNTARINESS**

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime was committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care.  You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

**IDENTIFICATION TESTIMONY**

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the defendant as the perpetrator of the alleged offenses.

In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified.   You

10

may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

## "KNOWINGLY" – TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## "WILLFULLY" – TO ACT

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

## TRANSCRIPT OF RECORDED CONVERSATION

Some exhibits were identified as typewritten transcripts of the oral conversations

11

heard on the recording received as other exhibits.    The transcripts also purport to identify the speakers engaged in such conversation.

I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether a transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.    It is what you hear on the recording that is evidence, not the transcripts.

**SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE**

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case.    These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.

**SUMMARIES AND CHARTS RECEIVED IN EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 1006**

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case.    You should give them

12

only such weight as you think they deserve.

The charts and summaries include inferences or conclusions drawn from the records and testimony underlying them.   It is up to you to determine if these inferences or conclusions are accurate.   The underlying records are the best evidence of what occurred.

## SUMMARY WITNESS TESTIMONY AND CHARTS BASED ON OTHER EVIDENCE

Summary testimony by Kevin Hunt and charts or summaries prepared or relied upon by the witness have been received for the purpose of explaining facts disclosed by testimony and exhibits which are also in evidence in this case.   If you find that such summary testimony and charts or summaries correctly reflect the other evidence in the case, you may rely upon them.   But if, and to the extent that you find, they are not in truth summaries of the evidence in the case, you are to disregard them.   The best evidence of what occurred are the underlying records and testimony themselves.

## ADMISSION OF JUDGMENT OF CONVICTION

A copy of Brandon Fritts's judgment of conviction for attempted murder was admitted into evidence.   I instruct you that a judgment of conviction alone does not establish that any defendant committed a racketeering act, but I further instruct you that you may consider that judgment of conviction along with other evidence in determining whether a defendant agreed that he or another Aryan Circle member would commit two or more racketeering acts.   At all times, the government retains the burden of proving its case beyond a reasonable doubt.

**DEFENDANT'S INCARCERATION**

You have heard during the course of this trial that the defendants have been incarcerated at various times.   You should not consider the fact that a defendant was incarcerated at some point in time as evidence of guilt as to the charged offenses.

I will now instruct you on two legal concepts that are applicable to multiple counts that you will consider.   These concepts are called Pinkerton liability and Aiding and Abetting.

## AIDING AND ABETTING (AGENCY) – 18 U.S.C. § 2

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged.   The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.   Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator. In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by

15

some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

In this case, Count Two includes the federal aiding and abetting charge.   For you to find the defendant guilty of the crime alleged in Count Two—that is, kidnapping in aid of racketeering—under an aiding and abetting theory, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense of kidnapping in aid of racketeering was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal.   This element cannot be established if the defendant had no knowledge of the principal's criminal venture.   "To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.   You may find a defendant guilty based on this theory on Count Two.   This theory is not applicable to Count One or Count Three.

16

**CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE COUNT [PINKERTON]**

A conspirator is responsible for offenses committed by another conspirator if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a foreseeable consequence of, the conspiracy.

Therefore, if you have first found the defendant guilty of engaging in a conspiracy, and if you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy, another conspirator or other conspirators committed the offense in Count Two, both in furtherance of and as a foreseeable consequence of that conspiracy, then you may find the defendant guilty of Count Two, even though the defendant may not have participated in any of the acts which constitute the offense described in Count Two.

17

**RACKETEERING CONSPIRACY - 18 U.S.C. § 1962(D) - COUNT ONE**

**THE NATURE OF THE OFFENSE CHARGED**

Beginning in or about 2010, and continuing through on or about July 8, 2021, in the Eastern District of Texas, and elsewhere, the defendants, William Glenn Chunn, a/k/a "Big Head," and Jesse Paul Blankenship, a/k/a "JP," being persons employed by and/or associated with the Aryan Circle, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, together with others known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined in 18 U.S.C. §§ 1961(1) and (5), consisting of multiple:

a. Acts involving murder, in violation of Alabama Criminal Code, Arkansas Code, Kentucky Revised Statues, Louisiana Revised Statutes, Mississippi Code, Missouri Revised Statutes, New Jersey Revised Statutes, Texas Penal Code, and Virginia Criminal Code;

b. Acts involving kidnapping, in violation of Missouri Revised Statutes;

c. Offenses involving trafficking in controlled substances, in violation of Sections 841(a)(1), 846, and 843 of Title 21, United States Code;

d. Acts indictable under Title 18, United States Code, Section 1503 (relating to obstruction of justice);

18

e. Acts indictable under Title 18, United States Code, Section 1512 (relating to tampering with a witness, victim, or an informant); and

f. Acts indictable under Title 18, United States Code, Section 1513 (relating to retaliating against a witness, victim, or an informant).

All in violation of Title 18, U.S.C. Section 1962(d).

## THE STATUTE DEFINING THE OFFENSE CHARGED – COUNT ONE

Section 1962(d) of Title 18 of the United States Code, commonly known as RICO conspiracy, provides that:

> *It shall be unlawful for any person to conspire to violate any of the provisions of subsections of this section.*

Section 1962(c) of Title 18 of the United States Code provides, in part, that:

> *It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.*

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT – PREJUDICE FROM THE WORD "RACKETEERING"

The word "racketeering" has certain implications in our society.   Use of that term in this statute and in this courtroom should not be regarded as having anything to do with your determination of whether the guilt of this defendant has been proven.   The term is only a term used by Congress to describe the statute.

19

**THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNT ONE**

In order to sustain its burden of proof for the crime of RICO conspiracy as charged in Count One of the Indictment, the government must prove the defendant knowingly agreed that a conspirator, which may include the defendant himself, would commit a violation of Title 18, United States Code, Section 1962.   In order to convict a defendant of RICO conspiracy based on an agreement to violate § 1962, the government must prove the following five (5) essential elements beyond a reasonable doubt:

*First*:        The criminal enterprise as alleged in the Indictment, the Aryan Circle, was, or would be, established;

*Second*:    The enterprise was or would be engaged in, or its activities affected or would affect, interstate or foreign commerce;

*Third*:       A defendant knowingly agreed that a conspirator was or would be employed by or associated with the enterprise;

*Fourth*:     The defendant knowingly agreed that a conspirator did or would conduct or participate in, either directly or indirectly, the conduct of the affairs of the enterprise; and

*Fifth*:        The defendant knowingly agreed that a conspirator did or would knowingly participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as described in the Indictment; that is, a conspirator did or would commit at least two acts of racketeering activity.

20

**CONSPIRACY – DEFINED – COUNT ONE**

A "conspiracy" is a combination or agreement of two or more persons to join together to attempt to accomplish some unlawful purpose.   It is a kind of "partnership in criminal purpose" in which each member becomes the agent of every other member.   The gist or essence of the offense is a combination or mutual agreement by two or more persons to disobey, or disregard, the law.

The evidence in the case need not show that the alleged members of the conspiracy entered into any express or formal agreement; or that they directly stated between themselves the details of the scheme and its object or purpose, or the precise means by which the object or purpose was to be accomplished.   Similarly, the evidence in the case need not establish that all the means or methods set forth in the Indictment were in fact agreed upon to carry out the alleged conspiracy, or that all of the means or methods which were agreed upon were actually used or put into operation.   Neither must it be proved that all of the persons charged to have been members of the conspiracy were such, nor that the alleged conspirators actually succeeded in accomplishing their unlawful objectives. Neither is it necessary for the government to prove any of the overt acts listed in the First Superseding Indictment.

What the evidence in the case must show beyond a reasonable doubt is:

(1)     That two or more persons in some way or manner, positively or tacitly, came to a mutual understanding to try to accomplish a common unlawful plan, as charged in the First Superseding Indictment; and

21

(2)     That the defendant willfully became a member of such conspiracy.

One may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators.

So, if a defendant, with an understanding of the unlawful character of a plan, knowingly and willfully joins in an unlawful scheme on one occasion, that is sufficient to convict him for conspiracy even though he had not participated at earlier stages in the scheme and even though he played only a minor part in the conspiracy.

Of course, mere presence at the scene of an alleged transaction or event, or mere similarity of conduct among various persons and the fact that they may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.

In your consideration of the conspiracy offense as alleged in the Indictment you should first determine, from all of the testimony and evidence in the case, whether or not the conspiracy existed as charged.   If you conclude that a conspiracy did exist as alleged, you should next determine whether or not a defendant willfully became a member of such conspiracy.

If and when it does appear beyond a reasonable doubt from the evidence in the case that a conspiracy did exist as charged, and that a defendant was a member, then the

statements and acts knowingly made and done during such conspiracy and in furtherance

of its objects, by another proven member of the conspiracy, may be considered by the jury

as evidence against the defendant under consideration even though he was not present to

hear the statement made or see the act done.

This is true because, as stated earlier, a conspiracy is a kind of "partnership" so that

under the law each member is an agent or partner of every other member and each member

is bound by or responsible for the acts and the statements of every other member made in

pursuance of their unlawful scheme.

**ENTERPRISE – DEFINED – COUNT ONE**

I will now instruct you on the law applicable to each of the RICO Conspiracy elements.

The first element requires the government to prove beyond a reasonable doubt that

an enterprise existed or would exist as alleged in the First Superseding Indictment.   The

First Superseding Indictment alleges that the Aryan Circle, ("AC"), is an enterprise as

defined by 18 U.S.C 1961(4).   As used in these instructions, the term "enterprise"

"includes any individual, partnership, corporation, association, or other legal entity, and

any union or group of individuals associated in fact though not a legal entity.

The term "enterprise" as used in these instructions may include a group of

individuals associated in fact, even though this association is not recognized as a legal

entity.   Thus, an enterprise need not be a formal business entity such as a corporation, but

may be merely an informal association of individuals.   A group or association of people

23

can be an "enterprise" if these individuals have "associated together for a common purpose of engaging in a course of conduct."

The government must prove an association-in-fact enterprise existed or would exist by evidence of an ongoing organization, formal or informal, and by evidence that the various associates functioned as a continuing unit.  The enterprise must have the three following structural features: (1) a purpose; (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose.

It is not necessary that the enterprise have any particular or formal structure, but it must have sufficient organization that its members did or would function and operate in a coordinated manner in order to carry out the alleged common purpose or purposes of the enterprise.  Such a group need not have a hierarchical structure or a chain of command; members of the group need not have fixed roles; different members may perform different roles at different times.  The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies.  It also need not have a unique *modus operandi*, professionalism and sophistication of organization, diversity and complexity of crimes, uncharged or additional crimes aside from predicate acts, an internal discipline mechanism, or an enterprise name.

While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, you may nonetheless find that the enterprise element

24

is satisfied by finding a group whose associates engage in spurts of activity punctuated by periods of inactivity.

Moreover, an enterprise is not required to be business-like in its form or function, and it may, but need not, have an economic or profit-seeking motive.   Indeed, RICO is not limited to groups whose crimes are sophisticated, diverse, complex, or unique.

Such an association may retain its status as an "enterprise" even though the membership of the association changes over time by adding or losing individuals during the course of its existence.   The existence of the enterprise continues even if there is a gap or interruption of the enterprise's racketeering activities.

Although the existence of an enterprise is a distinct element that must be proved by the government, it is not necessary to find that the enterprise had some function wholly unrelated to the racketeering activity.   Common sense dictates that the existence of an association-in-fact enterprise is oftentimes more readily proven by what it does rather than by an abstract analysis of its structure.   Therefore, you may consider proof of racketeering acts to determine whether the evidence establishes the existence of the charged enterprise, and, further, you may infer the existence of the enterprise from evidence of the pattern of racketeering activity.

The term "enterprise" includes legitimate and illegitimate enterprises.   An enterprise can be a vehicle used by a defendant to commit crimes.

**"ENGAGED IN, OR AFFECTING INTERSTATE OR FOREIGN COMMERCE" – DEFINED – COUNT ONE**

The second element the government must prove beyond a reasonable doubt is that the RICO enterprise was or would be engaged in, or its activities affected or would affect, interstate or foreign commerce.   Interstate commerce means trade, or business, or travel between the states, territories, and possessions of the United States, and foreign commerce means such trade, business, or travel between the United States and another country.   The phrase "engaged in, or the activities of which affect, interstate commerce," as used in these instructions, means to be involved in or to affect in some way trade, or business, or travel between the states.   Therefore, interstate and foreign commerce may include the movement of money, goods, services, or persons from one state to another state or the District of Columbia or between the United States and another country.   This may include, among other matters, the purchase or sale of goods or supplies from outside the United States or the state in which the enterprise was located, the use of interstate or international mail or wire facilities, or the causing of any of those things.

An enterprise "is generally 'engaged in commerce' when it is itself directly engaged in the production, distribution or acquisition of goods or services in interstate commerce." If you find that the evidence is sufficient to prove that the enterprise was or would be "engaged in," interstate commerce or foreign commerce, the required nexus to interstate or foreign commerce is established, and therefore the government is not required to prove the alternative that the activities of the enterprise affected or would affect interstate or foreign

26

commerce.

Regarding that alternative method of satisfying this element, to establish the requisite effect on interstate or foreign commerce, the government is not required to prove a significant or substantial effect on interstate or foreign commerce.  Rather, a minimal effect on interstate or foreign commerce is sufficient.  It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce.  It is not necessary for the government to prove that individual acts of racketeering themselves affected interstate commerce; rather, all that is necessary is that the enterprise and its activities affected interstate commerce, no matter how minimally. The effect must be considered in its entirety, but this effect on interstate commerce may be established through the effect caused by the individual racketeering acts.

The government contends that the enterprise in this case was or would be engaged in, or its activities affected or would affect, interstate or foreign commerce, in the following ways, among others:

- The distribution of controlled substances;

- The use of interstate facilities to attempt to commit murders;

- The use of interstate wires to send money to incarcerated enterprise members, and to make emails and phones calls between and among enterprise members; and

- The use of firearms which traveled in interstate commerce.

27

The government is not required to prove all the circumstances outlined above.   To satisfy this element, the government need only prove beyond a reasonable doubt that the activities of the enterprise considered in their entirety had or would have some minimal effect on interstate or foreign commerce, or that the enterprise was or would be "engaged in" interstate or foreign commerce.

It is not necessary for the government to prove that the defendant knew or intended that the enterprise was engaged in commerce or that its conduct would affect commerce. It is only necessary that the natural consequences of the enterprise's conduct affected commerce in some way.   Only a minimal effect on commerce is necessary.

## "DEFENDANT WAS EMPLOYED BY OR ASSOCIATED WITH THE ENTERPRISE" – COUNT ONE

The third element the government must prove beyond a reasonable doubt is that the defendant was or would be "employed by" or was "associated with" the enterprise.   The government need not prove both; either "employed by" or "associated with" is sufficient to establish this element.

The term "employed by" should be given its common, plain meaning.   Thus, a person is "employed by" an enterprise when, for example, he is on the payroll of the enterprise and performs services for the enterprise, holds a position in the enterprise, or has an ownership interest in the enterprise.

"Associated with" also should be given its plain meaning.   As stated in Webster's Third New International Dictionary (1971 ed.), to "associate" means "to join, often in a loose relationship as a partner, fellow worker, colleague, friend, companion or ally . . . To join or connect with one another."   Therefore, a person is "associated with" an enterprise when, for example, he joins with other members of the enterprise and he knowingly aids or furthers the activities of the enterprise, or he conducts business with or through the enterprise.

It is not required that each defendant agree that any particular conspirator was or would be "employed by" or "associated with" the enterprise for the entire time the enterprise existed.   The government also is not required to prove that a defendant agreed that any particular conspirator had a formal position in the enterprise, or participated in all

29

the activities of the enterprise, or had full knowledge of all the activities of the enterprise, or knew about the participation of all the other members of the enterprise.   Rather, it is sufficient that the government prove beyond a reasonable doubt that at some time during the existence of the enterprise as alleged in the First Superseding Indictment, a conspirator was or would be "employed by" or "associated with" the enterprise within the meaning of those terms as I have just explained and that he knew or would know of the general nature of the enterprise, and knew or would know that the enterprise extended beyond his own role in the enterprise.

**"CONDUCT, OR PARTICIPATE IN THE CONDUCT OF, THE AFFAIRS OF THE ENTERPRISE" – COUNT ONE**

The fourth element the government must prove beyond a reasonable doubt is that a defendant agreed that a conspirator would conduct, or participate in the conduct of, the affairs of the enterprise.   A defendant may be convicted of RICO conspiracy even if he did not personally participate in the operation or management of the enterprise when the evidence establishes that the defendant knowingly agreed to facilitate a scheme which, if completed, would constitute a RICO substantive violation involving at least one conspirator who would participate in the operation or management of the enterprise.

Such proof of operation and management may include evidence that the defendant agreed that a conspirator would intentionally perform acts, functions or duties which are necessary to, or helpful in, the operation of the enterprise, or that a conspirator had some part in directing the enterprise's affairs.   However, the government need not prove that the

30

conspirator would exercise significant control over or within the enterprise, or that he had a formal position in the enterprise, or that he had primary responsibility for the enterprise's affairs.   Rather, an enterprise is operated not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management" or carry out upper management's orders.   An enterprise also might be operated or managed by one who exerts control over the enterprise.

## "PATTERN OF RACKETEERING ACTIVITY" – COUNT ONE

As I previously stated, the agreement to commit a RICO offense is the essential aspect of a RICO conspiracy offense.   The fifth element the government must prove beyond a reasonable doubt is that a defendant agreed that a conspirator would engage in a pattern of racketeering.   A pattern of racketeering activity requires at least two acts of racketeering, the last of which occurred within ten years after the commission of a prior act of racketeering, excluding any period of imprisonment.   To establish a "pattern of racketeering activity" as alleged in Count One of the First Superseding Indictment, the government must prove three elements beyond a reasonable doubt:

*First*:      The defendant agreed that a conspirator, which could include the defendant himself, did or would intentionally commit, or cause to be committed, or aid and abet the commission of, two or more of the racketeering acts of the type or types alleged in the First Superseding Indictment. that is, acts involving murder in violation of various state laws; acts involving kidnapping in

31

violation of Missouri state law; offenses involving trafficking in controlled substance in violation of Title 21, United States Code, Sections 841(1), 846, and 843; and acts indictable under Title 18, United States Code, Sections 1503 (obstruction of justice), 1512 (tampering with a witness, victim or an informant) and 1513 (retaliating against a witness, victim or an informant). Your verdict must be unanimous as to which type or types of racketeering activity you find that the defendant agreed was or would be committed, caused, or aided and abetted.   At the end of this instruction, I will instruct you on the elements regarding each of the charged types of racketeering activity.

*Second*:   The racketeering activity must have a "nexus" to the enterprise and the racketeering activity must have been "related."   Racketeering activity has a "nexus" to the enterprise if it has a meaningful connection to the enterprise. To be "related," the racketeering activity had or would have the same or similar purposes, results, participants, victims, or methods of commission, or be otherwise interrelated by distinguishing characteristics and not be merely isolated events.   Two racketeering acts of the type or types of racketeering activity described in the First Superseding Indictment may or would be "related" even though they are dissimilar or not directly related to each other, provided that the racketeering acts are or would be related to the same

32

enterprise.  For example, for both "nexus" and "relatedness" purposes, the requisite relationship between the RICO enterprise and a racketeering act may or would be established by evidence that the defendant was or would be enabled to commit the racketeering act solely by virtue of his position in the enterprise or involvement in or control over its affairs, or by evidence that the defendant's position in the enterprise would facilitate his commission of the racketeering acts, or by evidence that the racketeering acts would benefit the enterprise, or by evidence the racketeering acts would promote or further the purposes of the enterprise.

*Third*:      The racketeering acts must have extended over a substantial period of time, or they posed or would pose a threat of continued criminal activity.  The government need not prove such a threat of continuity by any mathematical formula or by any particular method of proof, but rather may prove it in a variety of ways.   For example, the threat of continued unlawful activity may or would be established if the evidence shows that the racketeering acts are part of a long-term association that exists for criminal purposes, or when the racketeering acts are or would be shown to be the regular way of conducting the affairs of the enterprise.   Moreover, in determining whether the government has proven the threat of continued unlawful activity, you are not limited to consideration of the specific racketeering acts or types of

racketeering activity charged against the defendant; rather, in addition to considering such activity you may also consider the nature of the enterprise, and other unlawful activity of the enterprise and its members viewed in their entirety, including both charged and uncharged unlawful activities. Moreover, in order to convict the defendant of RICO conspiracy, the jury's verdict must be unanimous as to which type or types of predicate racketeering activity the defendant agreed would be committed; for example, at least two acts of drug trafficking, two acts involving murder, or any combination thereof (*i.e.*, one act of drug trafficking and one act involving murder).

The First Superseding Indictment, paragraph 6, alleges that the defendants agreed that a conspirator would commit multiple acts of different types of racketeering activity. That paragraph alleges acts involving murder and kidnapping as types of racketeering activity. Such acts include inchoate forms of murder and kidnapping, including attempted murder or kidnapping, conspiracy to commit murder or kidnapping, and solicitation to commit murder or kidnapping, as well as substantive murder or kidnapping. The alleged racketeering acts involving murder are alleged to be in violation of the laws of the states of Alabama, Arkansas, Kentucky, Louisiana, Mississippi, Missouri, New Jersey, Texas, and Virginia. Acts involving kidnapping are alleged to be in violation of Missouri law. Although the elements of these crimes may be similar, there are certain differences as well. Consequently, I will instruct you on each of these state law crimes:

34

(1)   **Alabama Criminal Code § 13A-6-2** addresses murder.   Under Alabama law, a person commits murder if, with intent to cause the death of another person, he causes the death of that person or of another person.   A person acts intentionally when it is his purpose to cause the death of another person.

A person also commits murder under Alabama law if, under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person.   A person acts with extreme indifference to human life if, under the circumstances, he recklessly engages in conduct which creates a grave risk of death to a person other than himself.   Extreme indifference to human life means demonstrating extreme indifference to human life in general, but has no deliberate intent to kill or injure any particular individual.   A person acts recklessly in regard to his conduct if: (1) the actor is aware that there is a substantial and unjustifiable risk that death will occur; (2) the risk of death is so great that the actor's failure to recognize this risk is a gross deviation from the standard of behavior to which a reasonable person would hold himself in the same situation; and (3) the actor consciously disregards this substantial and unjustifiable risk.

**Alabama Criminal Code § 13A-4-1** addresses criminal solicitation.   Under Alabama law, a person commits criminal solicitation if, with the intent that another person engage in conduct constituting a crime, he does any of the following: (a) solicits; (b) requests; (c) commands; or (d) importunes, which means to urge persistently, the other person to engage in such conduct.

35

**Alabama Criminal Code § 13A-4-2** addresses attempt.   Under Alabama law, a person commits attempted murder if, with the intent to commit the offense attempted, he does any overt act towards the commission of that offense.   What constitutes commission of an overt act towards the commission of the offense of murder is for the jury to decide under the circumstances.   It requires that the person do some act directed to the eventual carrying out of the crime.   However, mere remote acts in preparation which are not reasonably in the chain of causation leading to the completion of the crime are insufficient.

**Alabama Criminal Code § 13A-4-3** addresses criminal conspiracy.   Under Alabama law, a person commits criminal conspiracy if, with the intent that conduct constituting an offense be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one or more of such persons does an overt act to effect an objective of the agreement.   If a person knows or should know that one with whom he agrees has in turn agreed or will agree with another to effect the same criminal objective, he shall be deemed to have agreed with such other person, whether or not he knows the other's identity.

(2)   **Arkansas Code §§ 5-10-101, 5-10-102,** and **5-10-103** address murder. Under Arkansas law, a person commits murder if, with the premeditated and deliberated purpose of causing the death of another person, the person causes the death of any person. In order to find that a person acted with a premeditated and deliberated purpose, you must find that he had the conscious object to cause death and that he formed that intention before acting, as result of a weighing in the mind of the consequences of a course of conduct as

36

distinguished from acting upon sudden impulse without the exercise of reasoning powers. It is not necessary that this state of mind existed for any particular length of time, but it is necessary that it was formed before the homicidal act was committed.

A person also commits murder under Arkansas law if, with a purpose of causing the death of another person, the person causes the death of another person.   A person acts with purpose with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature or to cause such a result.

And a person may also commit murder under Arkansas law if the person knowingly caused the death of another person under circumstances manifesting extreme indifference to human life or, with the purpose of causing serious physical injury to another person, the person causes the death of any person.

**Arkansas Code § 5-2-402** addresses liability for another's conduct. Under Arkansas law, a person is criminally liable for the conduct of another person if (1) the person is made criminally liable for the conduct of another person by the statute defining the offense; (2) the person is an accomplice of another person in the commission of an offense; or (3) acting with a culpable mental state sufficient for the commission of the offense, the person causes another person to engage in conduct that would constitute an offense but for a defense available to the other person.

**Arkansas Code § 5-3-202** and **5-2-403** address complicity.   Under Arkansas law, a person attempts to commit an offense if, with the purpose of aiding another person in the commission of the offense, the person solicited, advised, or encouraged another person to

37

commit the offense, or aided, agreed to aid, or attempted to aid another person in the planning of the offense, or having a legal duty to prevent the commission of the offense, failed to make a proper effort to do so.  It is not a defense to a prosecution under this section that: (1) the other person did not commit or attempt to commit an offense; or (2) tt was impossible for the actor to assist the other person in the commission of the offense if the actor could have assisted the other person had the attendant circumstances been as the actor believed them to be.

**Arkansas Code § 5-3-401** addresses conspiracy.  Under Arkansas law, a person conspires to commit an offense if the person had the purpose of promoting or facilitating the commission of the offense, that with that purpose, the person agreed with another person that one or more of them would engage in conduct that constituted the offense, that the person would aid in the planning or commission of the offense, and that the person, or any other person with whom he conspired, did an overt act in the pursuance of the conspiracy.

(3)    **Kentucky Revised Statutes § 507.020** addresses murder.  Under Kentucky law, a person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person.   However, a person shall not be guilty if he acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be.  A person acts "intentionally" under Kentucky law when

38

his conscious objective is to cause that result or to engage in that conduct.   A person acts "wantonly" when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists.

A person may also be guilty of murder under Kentucky law when, under circumstances manifesting extreme indifference to human life, a person wantonly engages in conduct which creates a grave risk of death to another person and thereby causes the death of another person.   The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.   A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts wantonly with respect thereto.

**Kentucky Revised Statutes § 506.010** addresses attempt.   Under Kentucky law, a person is guilty of criminal attempt to commit a crime when, acting with the kind of culpability otherwise required for commission of the crime, he (1) intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is a substantial step in a course of conduct planned to culminate in his commission of the crime.   Conduct shall not be held to constitute a substantial step unless it is an act or omission which leaves no reasonable doubt as to the defendant's intention to commit the crime which he is charged with attempting.   A person is guilty of criminal attempt to commit a crime when he engages in conduct intended to aid another person to commit that crime, although the crime is not committed or attempted by

39

the other person, provided that his conduct would establish complicity if the crime were committed by the other person.   Complicity as to a criminal act means that a person is guilty of an offense committed by another person when, with the intention of promoting or facilitating the commission of the offense, he solicits, commands, or engages in a conspiracy with such other person to commit the offense, or aids, counsels, or attempts to aid such person in planning or committing the offense.   Complicity as to a criminal result means that a person is guilty of an offense committed by another person when, while acting wantonly with regards to the result of another's conduct, he solicits, commands, or engages in a conspiracy with such other person to engage in that conduct, or aids, counsels, or attempts to aid such person in planning or committing such conduct.   A person acts wantonly with respect to a result or to a circumstance when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists.   The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

**Kentucky Revised Statutes § 506.040** addresses criminal conspiracy.   Under Kentucky law, a person having the intention of promoting or facilitating the commission of a crime is guilty of criminal conspiracy when he: (1) agrees with one or more persons that at least one of them will engage in conduct constituting that crime or an attempt or solicitation to commit such a crime; or (2) agrees to aid one or more persons in the planning or commission of that crime or an attempt or solicitation to commit such a crime.

40

**Kentucky Revised Statutes § 502.020** addresses liability for conduct of another; complicity.   A person is guilty of an offense committed by another person when, with the intention of promoting or facilitating the commission of the offense, he: (a) solicits, commands, or engages in a conspiracy with such other person to commit the offense; or (b) aids, counsels, or attempts to aid such person in planning or committing the offense. When causing a particular result is an element of an offense, a person who acts with the kind of culpability with respect to the result that is sufficient for the commission of the offense is guilty of that offense when he: (a) solicits or engages in a conspiracy with another person to engage in the conduct causing such result; or (b) aids, counsels, or attempts to aid another person in planning, or engaging in the conduct causing such result.

(4)   **Louisiana Revised Statutes § 14.30.1** addresses second degree murder. Under Louisiana law, a second degree murder is the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm.

**Louisiana Revised Statutes § 14.25** addresses accessories after the fact.   Under Louisiana law, an accessory after the fact is any person who, after the commission of a felony, shall harbor, conceal, or aid the offender, knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may avoid or escape from arrest, trial, conviction, or punishment.

**Louisiana Revised Statutes § 14.26** addresses criminal conspiracy.   Under Louisiana law, a person is guilty of criminal conspiracy if the person agrees with one or

41

more other persons for the specific purpose of committing any crime; and one or more of such parties does an act in furtherance of the object of the agreement.

(5)   **Mississippi Code § 97-3-19** addresses murder.   Under Mississippi law, a person commits the offense of first-degree murder when he commits a killing with the deliberate design to effect the death of the person killed.   "Deliberate design" is when a person decides to unlawfully kill another person, and there is no legally justifiable or excusable reason for doing so.   The decision to kill a person can be formed very quickly and may occur only moments before the actual act of killing.   However, deliberate design cannot be formed at the exact moment of the act of killing.

A person commits the offense of second-degree murder when he commits a killing while in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual.   Acting with a depraved heart is when a person acts in a highly dangerous way which shows that the person does not care for the safety of human life.   Even if someone does not intend to kill any particular person, he can still be guilty of murder if he acts with a depraved heart, and a person is killed as a result.

**Mississippi Code § 97-1-7** addresses attempt.   Under Mississippi law, a person commits attempt if the person unlawfully designed, endeavored, intended, or planned to commit the substantive crime by stabbing, an overt act towards committing murder; but the person did not actually complete the murder or was prevented from completing the murder because the victim did not die.

42

**Mississippi Code § 97-1-1** addresses conspiracy.   Under Mississippi law, a person commits conspiracy when he agrees with one or more others and plans to commit a crime.

**Mississippi Code § 97-1-3** addresses accomplice culpability.   Under Mississippi law, a person is guilty as an accessory before the fact and is deemed a principal when he unlawfully aided, assisted, or helped another person commit a crime; and the other person did in fact commit the crime.

An aider and abettor is a person who is present when a crime is committed and who intentionally encourages or helps another person commit that crime.   A defendant's guilt can be proven even though that defendant did not personally commit the crime charged. The law recognizes that one person can tell or direct another person to commit a crime, and that he will be guilty of that crime if and when it is committed by the other person.   This is called aiding and abetting.   The fact that a person is present when a crime is committed or knows that a crime is being committed is not enough evidence to prove beyond a reasonable doubt that the defendant is guilty as an aider or abettor of the crime charged. The evidence must prove beyond a reasonable doubt that the defendant voluntarily and actively participated in committing the crime.   In order to find the defendant guilty beyond a reasonable doubt, you must find that another person committed each and every element of the crime charged, and that the defendant voluntarily aided and abetted in its commission intending to violate the law.

(6)   **Missouri Revised Statutes §§ 565.020 and 565.021** address murder. Under Missouri law, a person commits the offense of murder in the first degree if he or she

43

knowingly causes the death of another person after deliberation upon the matter. "Knowingly" when used with respect to conduct or attendant circumstances, means a person is aware of the nature of his or her conduct or that those circumstances exist; or, when used with respect to a result of conduct, means a person is aware that his or her conduct is practically certain to cause that result.   "Deliberation" means cool reflection for any length of time no matter how brief.

Under Missouri law, a person commits the offense of murder in the second degree if he knowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person.

**Missouri Revised Statutes § 562.012** addresses attempt.   Under Missouri law, guilt for an offense may be based upon an attempt to commit an offense if, with the purpose of committing the offense, a person performs any act which is a substantial step towards the commission of the offense.   A "substantial step" is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

**Missouri Revised Statutes § 562.014** addresses conspiracy.   Under Missouri law, a person commits the offense of conspiracy to commit, in any manner or for any purpose, an offense, if the person agrees, with one or more persons, to commit an offense, and one or more of such persons do any act in furtherance of such an agreement.   It is no defense to a prosecution for conspiring to commit an offense that a person, who knows that a person with whom he conspires to commit an offense has conspired with another person or persons

44

to commit the same offense, does not know the identity of such other person or persons.

**Missouri Revised Statutes § 562.041** addresses responsibility for the conduct of another.   Under Missouri law, a person is criminally responsible for the conduct of another when either before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense.

(7)   **New Jersey Revised Statutes §§ 2C:11-3** and **2C:5-1** address attempted murder.   Under New Jersey law, a person is guilty of an attempt to commit murder if the person purposely engaged in conduct which was intended to cause the death of the victim, if the attendant circumstances were as a reasonable person would believe them to be; or did or omitted to do anything with the purpose of causing the death of the victim without further conduct on his part; or purposely did or omitted to do anything which, under the circumstances as a reasonable person would believe them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his causing the death of the victim.

"Purposely" means it was the person's conscious object to cause the death of the victim.   Whether the person's purpose was to cause the death of the victim is a question of fact for you to decide.   Purpose is a condition of the mind which cannot be seen and can only be determined by inference from conduct, words or acts.   It is not necessary for the government to produce a witness or witnesses who could testify that the person stated, for example, that his purpose was to cause the death of the victim.   It is within your power

45

to find that proof of purpose has been furnished beyond a reasonable doubt by inference which may arise from the nature of the acts and the surrounding circumstances.   Such things as the place where the acts occurred, the weapon used, the location, number and nature of wounds inflicted, and all that was done or said by the person preceding, connected with, and immediately succeeding the events are among the circumstances to be considered.   Causing the death of the victim must be within the design or contemplation of the person.   The use of a deadly weapon such as a shank in itself may permit you to draw an inference that the person's purpose was to take a life.   A deadly weapon is any firearm or other weapon, device, instrument, material or substance, which in the manner it is used or is intended to be used, is known to be capable of producing death.   In your deliberations you may consider the weapon used and the manner and circumstances of the attack, and if you are satisfied beyond a reasonable doubt that the person stabbed the victim with a knife, you may draw an inference from the weapon used, that is the knife, and from the manner and circumstances of the attack, as to the person's purpose.

**New Jersey Revised Statutes § 2C: 5-2** addresses conspiracy.   Under New Jersey law, a person is guilty of conspiracy if he (1) agreed with another person or persons that they or one or more of them would engage in conduct which constitutes a crime or an attempt or solicitation to commit such crime, or agreed to aid another person or persons in the planning or commission of a crime or of an attempt or solicitation to commit such a crime; (2) that person's purpose was to promote or facilitate the commission of the crime;

46

and (3) the person or a person with whom he conspired did an overt act in pursuance of the conspiracy.   An overt act is any act in pursuance of the conspiracy.

A conspiracy may be proven by direct or circumstantial evidence.   It is not essential that there be direct contact among all of the conspirators or that they enter the agreement at the same time.   If the person is aware that any person he conspired with also conspired with others to commit the same crime, the person is guilty of conspiring with the others. He need not be aware of their identity.   Mere association, acquaintance, or family relationship with an alleged conspirator is not enough to establish a person's guilt of conspiracy.   Nor is mere awareness of the conspiracy.   Nor would it be sufficient for the government to prove only that the person met with others, or that they discussed names and interests in common.   However, any of these factors, if present, may be taken into consideration along with all other relevant evidence in your deliberations.   You have to decide whether the person's purpose was that he or a person with whom he was conspiring would commit the crime alleged.   For him to be found guilty of conspiracy, the government has to prove beyond a reasonable doubt that when he agreed it was his conscious object or purpose to promote or make it easier to commit the crime.

(8)   **Texas Penal Code § 19.02** addresses murder.   A person commits murder if he intentionally or knowingly causes the death of an individual.   "Individual" means a human being who is alive, including an unborn child at every stage of gestation from fertilization until birth.   A person acts intentionally, or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.   A person

47

acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

**Texas Penal Code § 7.01** addresses the "parties of offenses."   Under Texas law, a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Each party to an offense may be charged with the commission of the offense.

**Texas Penal Code § 7.02** addresses criminal responsibility for the conduct of another. A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.   Mere presence alone will not constitute one a party to an offense.   If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

**Texas Penal Code § 15.01** addresses criminal attempt for felonies, including murder.  Under Texas law, a person commits an attempt to commit an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.  If a person attempts an offense that may be aggravated, his conduct constitutes an attempt to commit the aggravated offense if an element that aggravates the offense accompanies the

48

attempt.   It is no defense to prosecution for criminal attempt that the offense attempted was actually committed.

**Texas Penal Code § 15.02** addresses conspiracy to commit a felony as one person, acting with intent that a felony be committed: agrees with one or more person that they or one or more of them engage in conduct that would constitute the offense; and that person or one or more of them performs and overt act in pursuance of the agreement.   An agreement constituting a conspiracy may be inferred from acts of the parties.   It is no defense to prosecution for criminal conspiracy that: one or more of the coconspirators is not criminally responsible for the object offense; one or more of the coconspirators has been acquitted, so long as two or more coconspirators have not been acquitted; one or more of the coconspirators has not been prosecuted or convicted, has been convicted of a different offense, or is immune from prosecution; the actor belongs to a class of persons that by definition of the object offense is legally incapable of committing the object offense in an individual capacity; or the object offense was actually committed.

**Texas Penal Code § 15.03** addresses criminal solicitation to commit a felony. Under Texas law, a person commits an offense if, with intent that a capital felony or felony of the first degree be committed, he requests, commands, or attempts to induce another to engage in specific conduct that, under the circumstances surrounding his conduct as the actor believes them to be, would constitute the felony or make the other a party to its commission.   A person may not be convicted of criminal solicitation on the uncorroborated testimony of the person allegedly solicited and unless the solicitation is

49

made under circumstances strongly corroborative of both the solicitation itself and the actor's intent that the other person act on the solicitation.   It is no defense to prosecution under this section that: the person solicited is not criminally responsible for the felony solicited; the person solicited has been acquitted, has not been prosecuted or convicted, has been convicted of a different offense or of a different type or class of offense, or is immune from prosecution; the actor belongs to a class of persons that by definition of the felony solicited is legally incapable of committing the offense in an individual capacity; or the felony solicited was actually committed.

(9)   **Virginia Criminal Code § 18.2-32** addresses murder.   Under Virginia law, a person is guilty of murder in the first degree if he commits any willful, deliberate, premeditated and malicious killing of a human being.   "Willful" generally means an act done with a bad purpose, without justifiable excuse, or without ground for believing it is lawful.   The term denotes an act which is intentional, knowing, or voluntary, as distinguished from accidental.   The terms "bad purpose" or without "justifiable excuse," necessarily imply knowledge that particular conduct will likely result in injury or illegality. The malice necessary to constitute a crime of murder may either be express or implied. The word "malice" is used in a technical sense, and includes not only anger, hatred, and revenge, but every unlawful and unjustifiable motive.   It is not confined to ill will to any one or more particular persons, but is intended to denote an action flowing from a wicked or corrupt motive, done with an evil mind and purpose and wrongful intention, where the act has been attended with such circumstances as to carry in them the plain indication of a

50

heart regardless of social duty and deliberately bent on mischief.   Therefore, malice is implied by law from any willful, deliberate, and cruel act against another, however sudden.

Under Virginia law, murder in the second degree is the unlawful killing of a human being with malice and without premeditation and deliberation.   In order for the killing to amount to murder in the second degree, although it is not necessary for the government to prove willfulness, deliberation, and premeditation, it is incumbent upon the government to prove that an individual acted with malice.   A principal in the first degree is the person who actually commits the crime.   A principal in the second degree is the person who is present, aiding and abetting, by helping in some way the commission of the crime. Presence and consent are not sufficient to constitute aiding and abetting.   It must be shown that an individual intended his words, gestures, signals, or actions to in some way encourage, advise, or urge, or in some way help the person committing the crime to commit it.

**Virginia Criminal Code § 18.2-26** addresses attempt for crimes including first-degree and second-degree murder.   "Attempt" is defined under Virginia law as a perpetrator intending to commit a crime and taking a direct act towards the commission of that crime.   The intent required to prove an attempted crime is the specific intent in the person's mind to commit the particular crime for which the attempt is charged.   In determining whether the intent has been proved you may consider the conduct of the person involved and all the circumstances revealed by the evidence.   The direct act required to be proved in an attempted crime is an act which shows a present intention to commit the crime.

51

The act need not be the last act prior to the actual commission of the crime, but it must be more than mere preparation.  It is not a defense to attempted murder that a perpetrator voluntarily withdrew before actually committing the murder or that some other person or thing prevented the murder from being committed.

**Virginia Criminal Code § 18.2-22** addresses conspiracy to commit a felony as one person conspiring, confederating, or combining with another to commit a felony.   If you find that the government has established beyond a reasonable doubt that an individual was a member of a conspiracy, he is responsible for the acts of other members of that conspiracy that are committed in furtherance of the conspiracy, even if those acts are committed without his direct knowledge.

(10)   **Missouri Revised Statutes § 565.110** and **565.120** address kidnapping. Under Missouri law, a person is guilty of first-degree kidnapping if he unlawfully removes another person without his or her consent from the place where he or she is found or unlawfully confines another person without his or her consent for a substantial period, for the purpose of inflicting physical injury on or terrorizing the victim or another.   Consent or lack of consent may be expressed or implied.   Assent does not constitute consent if it is induced by force, duress or deception.   Lack of consent results from forcible compulsion. "Forcible compulsion" means either physical force that overcomes reasonable resistance, or a threat, express of implied, that places a person in reasonable fear of death, serious physical injury, or kidnapping of such person or another person.   One who submits to being confined through fear of force is kidnapped, and the actual use of force is not a

52

necessary element.   "Physical injury" means a slight impairment of any function of the body or temporary loss of use of any part of the body.   "Serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body.   A victim is "terrorized" when the victim is caused to feel terror or anxiety, or is coerced through threats or violence.

Under Missouri law, a person is guilty of second-degree kidnapping if he knowingly restrains another unlawfully and without consent so as to interfere substantially with his or her liberty and exposes him or her to a substantial risk of serious physical injury.

I have already instructed you on the definitions of "knowingly," "serious physical injury," and "consent," as well as on what constitutes attempt, conspiracy, and criminal liability for the conduct of another under Missouri law.   You should apply those instructions here with regard to attempt and conspiracy to commit kidnapping under Missouri law.

It is further alleged in Count One of the Indictment, also in paragraph 6, that trafficking in controlled substances is a type of racketeering activity that the defendants agreed would be committed as part of the racketeering enterprise.

(11)   **Offenses  involving trafficking in controlled substances are defined in Title 21, United States Code, Sections 841(a)(1), 846, and 843**.   Section 841(a)(1) makes it a crime for anyone to knowingly or intentionally to possess a controlled substance with intent to distribute it.   Methamphetamine, marijuana, suboxone, and K2 are

controlled substances within the meaning of the law.   A person is guilty of this crime if the government proves beyond a reasonable doubt that the person (1) knowingly possessed a controlled substance; (2) that the substance was in fact the alleged controlled substance; and (3) that the person possessed the substance with the intent to distribute it.   To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction."   You must be unanimous in determining which substance or substances were possessed with intent to distribute to determine that a person committed this crime.

"Possession," as that term is used in these instructions, may be one of two kinds: actual possession or constructive possession.   A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.   A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.   To establish constructive possession of drugs, the government must prove that a person had the right to exercise physical control over the drugs, and knew that he had this right, and that he intended to exercise physical control over the narcotics at some time, either directly or through other persons.   For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.   Possession may be sole or joint.   If

one person alone has actual or constructive possession of a thing, possession is sole.   If two or more persons share actual or constructive possession of a thing, possession is joint. You may find that the element of possession is present if you find beyond a reasonable doubt that a person had actual or constructive possession, either alone or jointly with others.

Section 843(b) makes it a crime for anyone knowingly or intentionally to use a communication facility facilitate the commission of a controlled substances offense.   A person is guilty of this crime if the government proves beyond a reasonable doubt that (1) a person knowingly or intentionally used a "communication facility"; and (2) that the person used the "communication facility" with the intent to facilitate the commission of the commission of the felony offense of possession with intent to distribute a controlled substance, as that offense has been defined in these instructions.   The term "communication facility" means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication.   To "facilitate" the commission of an offense means to make easier or less difficult, or to aid or assist in the commission of that offense.

Section 846 makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances law of the United States.   A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.   It is a kind of "partnership in crime" in which each member becomes the agent of every other member.   A person is guilty of this crime if the government proves beyond

55

a reasonable doubt that (1) two or more persons, directly or indirectly, reached an agreement to possess with intent to distribute a controlled substance in this case methamphetamine, marijuana, K2, or suboxone; (2) the person knew of the unlawful purpose of the agreement; and (3) the person joined the agreement willfully, that is, with the intent to further its unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  If a person understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the person had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  A person who has no

56

knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

It is also alleged in Count One that acts indictable under Title 18, United States Code, Section 1503 (relating to obstruction of justice), Section 1512 (relating to tampering with a witness, victim or informant), and Section 153 (relating to retaliating against a witness, victim, or an informant) are a type of racketeering activity that defendants agreed would be committed as part of the racketeering conspiracy.   I will now instruct you as to the law on each of those acts.

(12)    **Title 18, United States Code, Section 1503** makes it a crime for anyone to corruptly endeavor to influence, obstruct, or impede the due administration of justice in connection with a pending judicial proceeding.  A person is guilty of this crime if the government proves beyond a reasonable doubt that (1) there was a proceeding pending before a federal court; (2) a person knew of the pending judicial proceeding; and (3) that the person endeavored to influence, obstruct, or impede the due administration of justice in that proceeding; and (4) that the person's act was done "corruptly," that is, the person acted knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice.   It is not necessary to show that the person was successful in achieving the forbidden objective, only that the defendant corruptly tried to achieve it in a manner which he knew was likely to influence, obstruct, or impede the due administration of justice due to the natural and probable effect of the person's actions.   The term "due administration of justice" is defined as "the performance of acts required by law in the

57

discharge of duties such as appearing as a witness and giving truthful testimony when subpoenaed."

(13)   **Title 18, United States Code, Section 1512(b)(1)** makes it a crime for anyone to knowingly use intimidation to threaten or corruptly persuade another person, or attempt to do so, with the intent to influence, delay, or prevent the testimony of any person in an official federal proceeding.   A person is guilty of this crime if the government proves beyond a reasonable doubt that (1) a person corruptly persuaded or attempted to persuade another person; (2) that the person acted knowingly and with intent to dishonestly influence, delay, or prevent the testimony of the other person in a federal official proceeding, and (3) that the person knew or foresaw that the case was pending or likely to be instituted.   However, the government does not need to prove that an official proceeding was actually pending or about to be instituted at the time of the alleged offense.   I have already instructed you on the meaning of the term "corruptly," and you are to apply that definition here.   The term "intimidation" means the use of any words or actions intended or designed to make another person timid or fearful, make that person refrain from doing something he would otherwise do, or make that person do something that he would otherwise not do.   To "act with intent to influence the testimony of a witness" means to act for the purpose of getting the witness to change, color, or shade his testimony in some way.   However, the government is not required to prove the witness's testimony was, in fact, changed in any way.   "Official proceeding" means a proceeding before a judge or court of the United States, a United States magistrate judge, or a Federal grand jury.

58

It is a crime for anyone to attempt to commit a violation of certain specified laws of the United States, including the witness tampering statute just described.   For you to find a person guilty of attempting to tamper with a witness, you must be convinced that the government has proved the following beyond a reasonable doubt: (1) that the person intended to commit witness tampering; and (2) that the person did an act that constitutes a substantial step toward the commission of that crime and that strongly corroborates the person's criminal intent and amounts to more than mere preparation.

(14)   **Title 18, United States Code, Section 1513(b)** makes it a crime to knowingly retaliate against another person for, among other things, providing information relating to the commission or possible commission of a Federal offense to a law enforcement officer.   A person is guilty of this crime if the government proves beyond a reasonable doubt that a person (1) that a person engaged or attempted to engage in conduct and thereby caused bodily injury to another person or damage to the tangible property of another person, or threatened to do so; (2) that the person did so with the intent to retaliate against any person for any information relating to the commission or possible commission of a federal offense given by a person to a law enforcement officer; and (3) the person did so knowingly.   "Law enforcement officer" means an officer or employee of the Federal Government, or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an adviser or consultant authorized under law to engage in or supervise the prevention, detection, investigation, or prosecution of an offense.

59

This statute also criminalizes attempted retaliation.   I have already instructed you on the elements of attempt, and you are to apply those instructions here.

With regard to all of the alleged types of racketeering activity described above, the government must have proved all elements of the crime beyond a reasonable doubt for you to find that it constitutes a type of racketeering activity applicable to this case.   You must be unanimous as to the types of racketeering activity you find the government has proved.

**ESSENCE OF A RICO CONSPIRACY – DEFINED – COUNT ONE**

Because the essence of a RICO conspiracy offense is the *agreement* to commit a substantive RICO offense, the government need only prove that if the conspiracy offense were completed as contemplated, the enterprise would exist, that this enterprise would engage in, or its activities would affect, interstate or foreign commerce, and that a conspirator (who could be, but need not be, the defendant himself) would have been employed by or associated with the enterprise, and would have conducted or participated in the affairs of the enterprise through a pattern of racketeering activity.

The government is not required to prove that the alleged enterprise was actually established, that any defendant was actually employed by or associated with the enterprise, or that the enterprise was actually engaged in, or its activities actually affected, interstate or foreign commerce.

**AGREEMENT TO COMMIT A RICO OFFENSE – COUNT ONE**

The agreement to commit a RICO offense is the essential aspect of a RICO conspiracy offense.   The jury may find that a defendant has entered into the requisite

60

agreement to violate RICO when the government has proven beyond a reasonable doubt that the defendant agreed with at least one other conspirator that at least two acts of racketeering of the type or types of racketeering activity listed in the First Superseding Indictment would be committed by a member of the conspiracy in the conduct of the affairs of the enterprise.   The government is not required to prove that the defendant personally committed two racketeering acts, or that he agreed to personally commit two racketeering acts.   Rather, it is sufficient if the government proves beyond a reasonable doubt that the defendant agreed to participate in the enterprise with the knowledge and intent that at least one member of the RICO conspiracy (who could be, but need not be, the defendant himself) would commit at least two racketeering acts in the conduct of the affairs of the enterprise.

To establish the requisite conspiratorial agreement, the government is not required to prove that each co-conspirator explicitly agreed with every other coconspirator to violate section 1962(c), knew all his fellow conspirators, or was aware of all of the details of the conspiracy.   Rather to establish sufficient knowledge, it is only required that the defendant knew the general nature and common purpose of the conspiracy and that the conspiracy extended beyond his individual role.

The elements of a RICO conspiracy, such as the conspiratorial agreement, the defendant's knowledge of it, and the defendant's participation in the conspiracy, may be inferred from circumstantial evidence.   For example, when the evidence establishes that the defendant and at least one other conspirator committed several acts in furtherance of the charged enterprise's affairs, you may infer the existence of the requisite agreement to

commit a RICO offense.   However, you must determine whether, based on the entirety of the evidence, the government has proven that the defendant entered into the required conspiratorial agreement.

It is not necessary that the government prove that a particular defendant was a member of the conspiracy from its beginning.   Different persons may become members of the conspiracy at different times.

If you find that there is a RICO conspiracy, you may consider the acts and statements of any other member of the conspiracy during and in furtherance of the conspiracy as evidence against a defendant whom you have found to be a member of it.   When persons enter into a conspiracy, they become agents for each other, so that the act or statement of one conspirator during the existence of, and in furtherance of, the conspiracy is considered the act or statement of all the other conspirators and is evidence against them all.

Moreover, a defendant may be convicted as a conspirator even though he plays a minor role in the conspiracy, provided that you find beyond a reasonable doubt that the conspiracy existed and that the defendant knowingly participated in the conspiracy with the intent to accomplish its objective or assist other conspirators in accomplishing its objective.

## ADDITIONAL FINDINGS ON RICO CONSPIRACY

If you find defendant, William Glenn Chunn, guilty of the RICO conspiracy charged in Count One, there are additional questions that you must answer on the verdict form for that defendant.   I will further instruct you on this point later.

62

That concludes instructions that pertain to Count One and racketeering activity.

I will now explain the remaining counts that are alleged in the Indictment.

Count Two of the Indictment charges defendant Jesse Paul Blankenship with the Violent Crime in Aid of Racketeering (also known as "VICAR") - Kidnapping of J.J., and aiding and abetting that kidnapping.

Count Three of the Indictment charges defendant Jesse Paul Blankenship with the Violent Crime in Aid of Racketeering (also known as "VICAR") - Conspiracy to Kidnap J.J.

**VIOLENT CRIMES IN AID OF RACKETEERING – COUNTS TWO AND THREE**

Title 18, United States Code, Section 1959(a), makes it a crime for anyone to commit, threaten to commit, attempt to commit, or conspire to commit a violent crime in aid of an enterprise engaged in racketeering activity.

**THE STATUTE DEFINING THE OFFENSES CHARGED – COUNTS TWO AND THREE**

Section 1959 of Title 18, United States Code, provides in pertinent part:

*Whoever . . . for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity,... kidnaps . . . any individual in violation of the laws of any State or the United States, or conspires so to do,*

shall be guilty of an offense against the United States.

63

**THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED – COUNTS TWO AND THREE**

For you to find a defendant guilty of a crime charged in Counts Two or Three of the Indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        On or about the date charged in Counts Two and Three, the Aryan Circle existed as an "enterprise";

*Second*:    The enterprise engaged in, or its activities affected, interstate or foreign commerce;

*Third*:       The enterprise engaged in racketeering activity;

*Fourth*:    As to Count Two, the defendant committed, or aided and abetted, the charged crime of violence, that is kidnapping,

As to Count Three, the defendant committed the charged crime of violence, that is, conspiracy to commit kidnapping.

I will instruct you on what the government must prove to establish that the defendant committed these acts; and

*Fifth*:       The defendant's purpose in committing, the charged crime of violence was to maintain or increase position in the enterprise.

**FIRST ELEMENT – EXISTENCE OF AN ENTERPRISE**

The first element the government must prove beyond a reasonable doubt as to both Counts Two and Three is that an "enterprise" existed as defined in the First Superseding Indictment.   The government has charged the same enterprise for these counts as in the racketeering conspiracy count, that is, the Aryan Circle, including its leadership, members and associates.   I have already instructed you on what is necessary for the government to prove that the Aryan Circle is an enterprise, and you may refer to those instructions again here.

**SECOND ELEMENT – THE ENTERPRISE ENGAGED IN OR ITS ACTIVITIES AFFECTED INTERSTATE AND FOREIGN COMMERCE**

The next element the government must prove as to both Counts Two and Three is that the Aryan Circle engaged in, or its activities affected, interstate or foreign commerce. I have also already instructed you on what is necessary for the government to prove that the Aryan Circle engaged in, or its activities affected, interstate or foreign commerce, and you may refer to those instructions again here.

**THIRD ELEMENT – ENGAGED IN RACKETEERING ACTIVITY**

The next element the government must prove beyond a reasonable doubt as to both Count Two and Three is that the enterprise engaged in racketeering activity at or about the time of the violent crime charged in those counts.   I discussed the various types of racketeering activity charged in connection with this case.

The First Superseding Indictment alleges that the Aryan Circle, through its members and associates, engaged in "racketeering activity" consisting of acts involving murder, in

65

violation of Alabama, Arkansas, Kentucky, Louisiana, Mississippi, Missouri, New Jersey, Texas, and Virginia state and commonwealth law, and offenses involving trafficking in controlled substances in violation of Title 21, United States Code, Sections 861, 846, and 832.   I have previously instructed you on the elements for each of these offenses, and you should apply those instructions here as well.

As to Counts Two and Three, the government must prove beyond a reasonable doubt that the enterprise was engaged in at least one of the types of racketeering activity named above.   Significantly, Section 1959, that is, the VICAR statute charged in Counts Two and Three, does *not* require a "*pattern* of racketeering activity."

It is for you to determine whether the enterprise "engaged in" these activities as charged.   You should give the words "engaged in" their ordinary, everyday meaning. The element is satisfied by showing that members or associates of the enterprise committed racketeering activity on behalf of or in connection with the enterprise.

## FOURTH ELEMENT – THE DEFENDANT COMMITTED THE CHARGED VIOLENT CRIME

The next element the government must establish beyond a reasonable doubt is that the defendant committed, or aided and abetted the commission of, the alleged violent crime charged in Count Two and that he committed the violent crime charged in Count Three of the First Superseding Indictment.

**For Count Two**, the government must prove beyond a reasonable doubt that the defendant committed, or aided and abetted, the kidnapping of Victim J.J.   The government

66

must also prove that the kidnapping violated Missouri law.   The government must prove each of the following elements beyond a reasonable doubt:

*First*: That the defendant, unlawfully removed J.J. from his place of residence, or a substantial distance from the vicinity where he was found, or if he unlawfully confined J.J. for a substantial period in a place of isolation; and

*Second*: That the defendant did so for one of the following purposes: (i) to facilitate commission of any felony or flight thereafter, or (ii) to inflict bodily injury on or to terrorize J.J. or another.

A removal or confinement is unlawful if it is accomplished by force, threat, or deception.

Under Missouri law, a person is guilty of first-degree kidnapping if he unlawfully removes another person without his or her consent from the place where he or she is found or unlawfully confines another person without his or her consent for a substantial period, for the purpose of inflicting physical injury on or terrorizing the victim or another. Consent or lack of consent may be expressed or implied.   Assent does not constitute consent if it is induced by force, duress or deception.   Lack of consent results from forcible compulsion.   "Forcible compulsion" means either physical force that overcomes reasonable resistance, or a threat, express of implied, that places a person in reasonable fear of death, serious physical injury, or kidnapping of such person or another person.   One who submits to being confined through fear of force is kidnapped, and the actual use of force is not a necessary element.   "Physical injury" means a slight impairment of any

67

function of the body or temporary loss of use of any part of the body.   "Serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body.   A victim is "terrorized" when the victim is caused to feel terror or anxiety, or is coerced through threats or violence.

I have already instructed you on what constitutes criminal liability for the conduct of another under Missouri law, and aiding and abetting under federal law.   You should apply those instructions here with regard to Count Two.

**For Count Three**, the government must prove beyond a reasonable doubt that the defendant conspired to commit the kidnapping of Victim J.J.   The government must also prove that the conspiracy violated Missouri law.

I have already instructed you on the elements of kidnapping under federal and Missouri state law and you should apply those instructions here.   Under Missouri law, a person commits the offense of conspiracy if the person agrees, with one or more persons, to commit an offense, and one or more of such persons do any act in furtherance of such an agreement.   It is no defense to a prosecution for conspiring to commit an offense that a person, who knows that a person with whom he conspires to commit an offense has conspired with another person or persons to commit the same offense, does not know the identity of such other person or persons.

## FIFTH ELEMENT – PURPOSE TO MAINTAIN OR INCREASE POSITION IN THE ENTERPRISE OR TO GAIN ENTRANCE INTO THE ENTERPRISE

The last element the United States must establish beyond a reasonable doubt as to both Counts Two and Three is that the defendant's general purpose in committing the underlying violent crime was to maintain or increase position in, or to gain entrance into, the enterprise.   With regard to this element, it is not necessary for the government to prove that this was the sole purpose of the defendant in committing the charged crime.   You need only find that it was a substantial purpose, or that the defendant committed the charged crime as an integral aspect of membership in the enterprise.   In determining the defendant's purpose in committing the alleged crime, you must determine what he had in mind.   Because you cannot look into a person's mind, you have to determine purpose by considering all of the facts and circumstances before you.

In determining whether the defendant's purpose in committing the alleged acts was to maintain or increase position in the enterprise, or to aid and abet another's maintaining or increasing position in the enterprise, you should give the words "maintain" or "increase" their ordinary meanings.   Similarly, in determining whether the defendant's purpose in committing the alleged acts was to gain entrance into the enterprise, you should give the word "gain" its ordinary meaning.   You should consider all of the facts and circumstances in making that determination.   For example, you may consider evidence that the crime, if proved, was intended to, or served to maintain, the defendant's position in the enterprise or maintain discipline within the enterprise.   If the defendant conspired, committed, or

69

attempted to commit the crime because he knew it was expected of him by reason of his membership in the enterprise, because he thought it would enhance his position or prestige within the enterprise, or because he thought it was necessary to maintain the position he already held, this element would be established.   Similarly, if the government proved it was intended to or served to gain to advance the defendant's position in the enterprise or to gain entrance into the enterprise, this element would be established.   These examples are only meant by way of illustration.   They are not exhaustive.

**DUTY TO DELIBERATE**

To reach a verdict, whether it is guilty or not guilty, all of you must agree.   Your verdict must be unanimous on each count of the First Superseding Indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.   Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.   Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.   In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.   During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.   Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.
As to each defendant, the first question asks whether you find that the named defendant is "guilty" or "not guilty" of Count One of the First Superseding Indictment, racketeering conspiracy.   As to defendant Chunn, if you answer "not guilty," you may stop there as to

71

that Count.   If you answer "guilty," then you must answer the next questions under that Count, which also require a finding beyond a reasonable doubt.   Please note that these additional questions ask you to decide whether the government has proven the allegations made in Paragraph 8 of the First Superseding Indictment.   Specifically, you must decide (1) whether defendant Chunn and others, "while aiding and abetting each other, designed and endeavored to kill M.M., with deliberate design to effect the death of M.M., but failed or were prevented from committing the same"; or (2) whether defendant Chunn and others, "while aiding and abetting each other . . . designed and endeavored to commit an act eminently dangerous to M.M. and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of M.M., but failed or were prevented from committing the same."   When considering these additional questions, you must be unanimous as to whether the government has proven, beyond a reasonable doubt, either or both of the additional questions asked.   If you find that the government has not proved William Glenn Chunn guilty of the RICO conspiracy offense charged in Count One, then you do not need to answer the additional questions.

As to defendant Blankenship, you are to answer "guilty" or "not guilty" as to the additional Counts that follow the racketeering conspiracy Count.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty.   At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson

72

should write the message and give it to the court security office.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

**SIGNED** this the **15** day of **November, 2021.**


Thad Heartfield
United States District Judge